IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAMON L. JIMENEZ, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:20-CV-1367-P | |
| § | | |
| ERIC D. WILSON, Warden, § | | |
| FMC-Fort Worth, § | | |
|     Respondent. § | | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting brief filed by Petitioner, Ramon L. Jimenez, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for failure to state a claim in part and for lack of subject matter jurisdiction in part.

**I. BACKGROUND**

Petitioner asserts that he is confined as a "parole violater," having accepted "a plea offer of 8 months or less." Pet. 1, ECF No. 1.[1] In this petition, he claims that he was not given copies of documents pertaining to his appeal rights following the parole revocation proceedings and that he is currently being forced to endure unconstitutional conditions of confinement at FMC-Fort Worth, in violation of the Eighth Amendment, most notably that he continues to be confined in an administrative segregation unit; that he has been denied access to the telephone and law library; that there is no seat or table in his cell to eat his

---

[1] The pagination in the ECF header is used.

meals on; that there is only one fingernail clipper for 80 to 100 inmates; and that he has had no hair cut. Pet'r's Br. 1-9, ECF No. 2.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

As to Petitioner's first claim, Petitioner fails to allege sufficient facts to state a claim for deprivation of a constitutional right. In an apparent attempt to implicate a due-process claim, Petitioner asserts the following (all spelling, grammatical, and/or punctuation errors are in the original):

> On or around 10-21-2020 I was afforded a preliminary hearing, the hearing officer offerd 8 months or less I accepted the plea offered and I have not heard from them since.
>
> After 5 days from the parole hearing, I decided to want appeal the plea offer and go with the full revocation hearing and provide them with medical recrds of my wife's condition on cancer in the hope that they will consider releasing me sooner. However, Ms. Smith case management COO. clearly deprived me of all my appeal rights when she clearly ignored the hearing officer when he made a clear statment to her: All those copies are for him to keep in case he decides to appeal later on.

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Pet'r's Br. 3-4, ECF No. 2. According to Petitioner, he was never given the copies, thereby depriving him of his right to appeal. *Id.* at 4-6. However, Petitioner fails to allege sufficient facts to establish a claim for relief. Therefore, without more information, the Court will not consider the claim at this time.

As to Petitioner's second claim, a civil-rights complaint, not a § 2241 habeas petition, is the proper procedural vehicle for challenging unconstitutional conditions of a prisoner's confinement. *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Therefore, Petitioner's conditions-of-confinement claims should be brought in a civil-rights action.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for failure to state a claim for relief as to his first claim and dismissed with prejudice for lack of subject matter jurisdiction as to his second claim. A certificate of appealability is DENIED.

**SO ORDERED** on this 6th day of January, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3